BERKSHIRE GLASS COMPANY *vs.* JOHN C. WOLCOTT & another.

The owner of goods which have been intrusted to an agent for a special purpose, and have been sold by him wrongfully, cannot maintain an action of contract against the purchaser for goods sold and delivered.

CONTRACT for sand sold and delivered. At the trial in the superior court, it appeared that the sand in question belonged to the plaintiffs, who authorized one Coman to dig and prepare the same for glass manufacture, and Coman without right sold it to the defendants, and received payment therefor. *Ames, J.*

ruled that, after demand and refusal of payment, these facts were no defence to the action, and a verdict was returned for the plaintiffs. The defendants alleged exceptions.

*J. C. Wolcott,* for the defendants.

*S. W. Bowerman,* for the plaintiffs.

MERRICK, J. The ruling of the presiding judge that, assuming the evidence produced upon the trial to be true, the defence set up by the defendants would not avail them, and that the plaintiffs were entitled to recover the value of the sand sued for, was erroneous. If the evidence was true, it was clearly shown that there had been no contract, express or implied, between the parties, and therefore an action of contract cannot be maintained by the plaintiffs. Assuming that the sand belonged to the plaintiffs, and that it was sold to the defendants by Coman without authority, their remedy is against him, or against the defendants in an action of tort for the unlawful taking, detention and conversion of the property. It is only when the wrongdoer has sold the property unlawfully taken or detained, and received the money for it, that the owner can waive the tort and maintain an action of contract, and in that case the action must be for money had and received to the use of such owner. *Jones* v. *Hoar,* 5 Pick. 285. The exceptions therefore are sustained, and a

*New trial granted.*